IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tim B. James, | ) | Civil Action No.: 4:13-cv-3056-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LCPL Monroe Herring; Officer Lorrie Oates; Asst. Chief Bobby McLean; Nurse Doe; Chief Johnny Sah; Dillon County Sheriff Major Hulon; and City of Dillon | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Tim B. James ("Plaintiff"), represented by counsel, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on November 10, 2013. *See* Compl., ECF No. 1. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1]  *See* R & R, ECF No. 25. In the R & R, the Magistrate Judge recommends the Court dismiss this action as to Defendants Herring, Oates, McLean, and the City of Dillon, without prejudice, for failure to prosecute. *See id.* at 1–2.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION

As the Magistrate Judge previously explained, some Defendants have responded to the Complaint, but Defendants Herring, Oates, McLean, and the City of Dillon have not. Plaintiff's counsel has not provided the Court with any information regarding whether these Defendants have been served. Plaintiff's 120 day deadline for serving the complaint on all Defendants was March 13, 2014. *See* Fed. R. Civ. P. 4(m); ECF No. 1. Accordingly, on April 17, 2014, the Magistrate Judge advised Plaintiff's counsel via Text Order that if he did not provide the Court with information as to the status of service of the unserved Defendants, she may recommend that the action be dismissed with prejudice for failure to prosecute. *See* Text Order, ECF No. 15. The Order specified a deadline of May 1, 2014, which came and went without Plaintiff providing service information. Accordingly, on May 7, 2014, the Magistrate Judge issued another Text Order instructing Plaintiff to provide the status of service of the unserved Defendants by May 16, 2014. *See* Text Order, ECF No. 19. This deadline also passed without any response from Plaintiff's

counsel. Accordingly, on May 21, 2014, the Magistrate Judge issued an R & R recommending that Defendants Herring, Oates, McLean, and City of Dillon be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure ("FRCP"), without prejudice, for failure to prosecute. *See* ECF No. 25 at 2.

On May 27, 2014, Plaintiff's counsel filed what was styled a "Motion for Reconsideration and Relief from Judgment." *See* ECF No. 27. The Court construes this filing as objections to the R & R, and will consider it as such.[2] In the objections, Plaintiff's counsel cites several causes for the delay in service. He first notes that he had a close relative pass away shortly after Thanksgiving in November of 2013. *See id.* at 1. Moreover, he describes various health problems during the month of December 2013, which rendered him unable to work that month. *See id.* Counsel then explains that his Yahoo email address was filtering the Court's ECF Notices of Electronic Filing as spam. *See id.* Thus, he did not receive the Magistrate Judge's April 17, 2014 and May 7, 2014 Text Orders. *See id.* Counsel indicates that he subsequently updated his information to include a Gmail address, and properly received the Notice of Electronic Filing of the R & R. *See id.*

The Court reminds Plaintiff that a valid, working email address is critical to the practice of law in both the State of South Carolina and the District of South Carolina. This Court relies heavily on its Electronic Case Files ("ECF") system, and the transmission of a Notice of Electronic Filing via ECF "constitutes service of the filed document upon each attorney in the case who is registered as a Filing User in accordance with procedures established by this Court." Local Civil Rule 5.05

---

[2] As previously noted, the R & R is not an order, as the responsibility lies with the District Judge to make a final determination. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). An R & R has no presumptive weight and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

(D.S.C.). Moreover, as the Supreme Court of South Carolina has explained via Order, "[t]he mailing and e-mail address shown in the [Attorney Information System] shall be used for all purposes of notifying and serving the attorney." *See In re Attorney System Amendments & Requirements*, 721 S.E.2d 411, 411 (S.C. 2011). All members of the South Carolina bar are required to verify and update their contact information on the Attorney Information System. *Id.* This system is separate and distinct from the ECF system. However, the fact that members of the South Carolina Bar are required to keep this information up to date further demonstrates the crucial nature of having a working email address. It is of utmost importance to have a working email address where court notices are properly received.

Plaintiff's counsel avers that he had a valid Yahoo address, but that the notices were being filtered to the spam folder. Fortunately, this issue was corrected and he is now able to receive Notices of Electronic Filing from the Court. The Court is mindful that in this modern world, technology issues beyond one's control can and do arise. However, counsel also has a duty to be cognizant of deadlines and timely file any necessary items within the deadlines provided for by the FRCP. Counsel should not need to receive two orders from the Court to remind him to comply with deadlines specified in the FRCP. Nevertheless, because the Magistrate Judge recommended that Defendants Herring, Oates, McLean, and City of Dillon be dismissed without prejudice, the Court will give Plaintiff's counsel some leeway in this situation. Plaintiff's counsel indicates that if these Defendants are dismissed without prejudice, he intends to bring a new action. He argues that bringing a separate action may be prejudicial to the Sheriff's Department Defendants, and that a new action will not serve judicial economy. *See* ECF No. 27 at 1–2. The Court agrees with Plaintiff's counsel that a separate action would not be an efficient use of judicial resources.

Accordingly, the Court respectfully declines to adopt the Magistrate Judge's Report and Recommendation, and declines to dismiss the suit without prejudice as to Defendants Herring, Oates, McLean, and City of Dillon.  Plaintiff's counsel is warned, however, that proof of service must be provided by within fourteen (14) days of the date of this Order, which would be Thursday, June 12, 2014.  If proof of service is not provided by June 12, 2014, the Court will dismiss Defendants Herring, Oates, McLean, and City of Dillon <u>with prejudice</u>.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 29, 2014