IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tim B. James, ) | Civil Action No.: 4:13-cv-3056-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LCPL Monroe Herring; Officer ) | |
| Lorrie Oates; Asst. Chief Bobby ) | |
| McLean; Nurse Doe; Chief Johnny ) | |
| Sah; Dillon County Sheriff Major ) | |
| Hulon; and City of Dillon, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Tim B. James ("Plaintiff"), represented by counsel, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on November 10, 2013. *See* Compl., ECF No. 1. Defendants Captain Johnny Sapp, identified as Johnny Sah in the caption; Brandy Barfield, identified as Nurse Doe in the caption; and Dillon County Sheriff Major Hulon answered on March 10, 2014. *See* Answer, ECF No. 6. On May 21, 2014, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("R & R"), which recommended the Court dismiss Defendants LCPL Monroe Herring; Officer Lorrie Oates; Asst. Chief Bobby McLean; and City of Dillon without prejudice for failure to prosecute. In response, Plaintiff filed a "motion for reconsideration" of the R & R, which the Court construed as objections. *See* Mot., ECF No. 27. On May 29, 2014, the Court issued an Order declining to adopt the R & R. *See* Order, ECF No. 29.

Defendants Herring, Oates, McLean, and the City of Dillon had yet to appear at the time of the R & R, and Plaintiff's counsel had not provided the Court with any information regarding whether these Defendants had been served despite several warnings from the Court. *See* Order, ECF No. 29 at 2. Accordingly, in her R & R, the Magistrate Judge recommended that Defendants

Herring, Oates, McLean, and City of Dillon be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure ("FRCP") for failure to prosecute. *See* ECF No. 25 at 2.

Plaintiff filed a "motion for reconsideration" of the R & R, which the Court construed as objections. Plaintiff asserted, among other things, that he had not accomplished service because his Yahoo email address was filtering the Court's ECF Notices of Electronic Filing as spam. *See* Pl.'s Objections, ECF No. 27. In its May 29, 2014 Order, the Court warned Plaintiff's counsel that he should not need to receive two orders from the Court to remind him to comply with deadlines for service specified in the Federal Rules of Civil Procedure. *See* ECF No. 29 at 4. Nevertheless, the Court gave Plaintiff's counsel some leeway and declined to dismiss these Defendants at that juncture. *See id.* However, the Court specifically warned Plaintiff's counsel that if he did not provide proper proof of service of these Defendants by June 12, 2014, Defendants Herring, Oates, McLean, and City of Dillon would be dismissed <u>with prejudice</u>. *See id.* at 5.

On June 12, 2014, Plaintiff's counsel filed a one page "Affidavit of Personal Service." This document states that the Summons and Complaint were hand delivered to Johnny Sapp, "the DCSC Cap. at Dillon County Det Ctr." *See* Affidavit, ECF No. 31. The affidavit provided that a copy was left with him at the Dillon County Sheriff's Office, located at 305 W. Hampton St., Dillon, SC 29505 on June 2, 2014. *Id.* The Affidavit explained that Johnny Sapp was the "person served if corporate defendant," but the Affidavit does not indicate what corporate defendant it purported to serve. *See id.*

The Court finds that this affidavit does not provide any information regarding service of these individual Defendants Herring, Oates, or McLean, or the municipality of the City of Dillon. Plaintiff has provided no information as to whether these Defendants have been served. Thus,

Plaintiff has not complied with the Court's prior order. To the extent the Affidavit purports to prove service of the City of Dillon, the Court notes that Plaintiff has provided no explanation as to how serving Defendant Sapp would constitute proper service of the City of Dillon. In his answer to the Complaint, Johnny Sapp explained that he is a Captain with the Dillon County Detention Center. *See* Answer, ECF No. 6 at 11. Accordingly, the Court finds that Plaintiff has not provided proof of proper service of any of the Defendants in question. Accordingly, dismissal is warranted for failure to prosecute and for failure to comply with this Court's prior Order. *See* Fed. R. Civ. P. 41(b); *see also Galvez v. Horry County*, No. 4:10–cv–03165–RBH, 2012 WL 1790311, at *2 (D.S.C. May. 17, 2012) (noting that "it is well established that a district court has authority to dismiss a case, *sua sponte*, for failure to prosecute under the inherent authority possessed by district courts").

**IT IS THEREFORE ORDERED** that, because Plaintiff has failed to meet the requirements of this Court's May 29, 2014 Order, Defendants LCPL Monroe Herring; Officer Lorrie Oates; Asst. Chief Bobby McLean; and City of Dillon are **DISMISSED** *with prejudice* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

  s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
June 18, 2014