IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tim B. James, | ) | Civil Action No.: 4:13-cv-3056-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LCPL Monroe Herring; Officer Lorrie Oates; Asst. Chief Bobby McLean; Nurse Doe; Chief Johnny Sah; Dillon County Sheriff Major Hulon; and City of Dillon, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion to Reconsider the Court's June 18, 2014 Order. *See* Mot. to Reconsider, ECF No. 35. Plaintiff asks that the Court reconsider its order dismissing Defendants LCPL Monroe Herring; Officer Lorrie Oates; Asst. Chief Bobby McLean; and City of Dillon with prejudice. *See* Order, ECF No. 33 at 3. In its Order, the Court found that Plaintiff had failed to provide any proof of service of these Defendants despite specific direction from the Court to provide this information. In a previous Order, *see* ECF No. 29, the Court had informed Plaintiff that these Defendants would be dismissed if proof of service was not made by June 12, 2014. Plaintiff filed a one page affidavit on June 12, 2014, which indicated it served Johnny Sapp, "the DCSC Cap. at Dillon County Det Ctr." *See* Aff., ECF No. 31. The Court found that this document did not provide proof of service of any of the Defendants in question. Accordingly, the Court Ordered that Defendants LCPL Monroe Herring; Officer Lorrie Oates; Asst. Chief Bobby McLean; and City of Dillon be dismissed with prejudice for failure to prosecute and failure to comply with the Court's order.

Motions under Rule 59 of the Federal Rules of Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  12 James Wm. Moore et al., *Moore's Federal Practice* ¶ 59.30[4] (3d ed.); *see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." (internal quotations and citations omitted)).  The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice.  *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).  Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered."  *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).  Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result.  *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion") (citation omitted).

In his motion, Plaintiff's counsel detailed various computer related issues which prohibited him from filing the correct affidavits of service.  *See* Mot. to Reconsider, ECF No. 35 at 1–2.  He asserts that he made diligent efforts to comply with the Court's previous Order, but various technological issues caused the wrong documentation to be filed.  *See id.* at 2.  Plaintiff's counsel attached four affidavits to his motion, which he argues contain proof of service of each of the Defendants in question.  These affidavits indicate that a Lisa Carter, who is designated by law to accept service of process on behalf of the City of Dillon Police Department, accepted service for

City of Dillon; Defendant LCPL Monroe Herring; Defendant Asst. Chief Bobbie McLean;[1] and Defendant Officer Lori Oates.[2]  *See* ECF Nos. 35-1, 35-2, 35-3, 35-4.  These affidavits were all dated June 3, 2014.  Accordingly, it appears as though Plaintiff's counsel had in fact attempted to comply with the Court's order prior to the June 12, 2014 deadline.  The lack of proof of service appears to have been caused by a technological issue.  Accordingly, in light of this new evidence, the Court finds that reconsideration is proper.[3]

Accordingly, the Court **GRANTS** Plaintiff's motion to reconsider.  The Court **VACATES** its June 18, 2014 Order dismissing Defendants LCPL Monroe Herring; Officer Lorrie Oates; Asst. Chief Bobby McLean; and City of Dillon.  The Court notes, however, that this ruling is without prejudice to Defendant LCPL Monroe Herring; Officer Lorrie Oates; Asst. Chief Bobby McLean; and City of Dillon's right to challenge service or make any other appropriate motions authorized by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                                       s/ R. Bryan Harwell  
                                                       R. Bryan Harwell  
                                                       United States District Judge

Florence, South Carolina  
June 24, 2014

---

[1] Identified as Asst. Chief Bobby McLean in the Complaint.  *See* ECF No. 1 at 1.

[2] Identified as Officer Lorrie Oates in the Complaint.  *See* ECF No. 1 at 1.

[3] The Court does not pass judgment on whether or not service was properly perfected on any of these Defendants.  The issue before the Court when it issued the June 18, 2014 Order was simply whether proper proof of service had been provided for these Defendants.  It appears as though Plaintiff's counsel has now provided proper proof of service.